UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN SHEMP,<br><br>    Plaintiff,<br><br>v.<br><br>YAMAHA CORPORATION OF AMERICA; YAMAHA CORPORATION OF U.S.A.; DESERT YAMAHA, LLC, a Nevada corporation; WORLD MOTORCYCLES, a Nevada corporation; BJ MOTORSPORTS, LLC d/b/a WORLD MOTORCYCLES, a Nevada corporation; DOES I through X, inclusive; DOE CORPORATIONS II through X, inclusive; DOE MANUFACTURES I through X, inclusive; DOES SUPPLIERS I through X, inclusive; DOE WHOLESALERS I through X, inclusive<br><br>    Defendants. | Case No. 2:06-CV-00565-KJD-GWF<br><br>**ORDER** |

Presently, the Court has before it Plaintiff's First Amended Objection to Defendants' Notice to Remove the Case to Federal Court, and Motion to Remand Case to State Court (#7). Defendants Yamaha Corporation of America and Yamaha Corporation U.S.A. ("Yamaha Defendants") filed a response in opposition (#9). Plaintiff did not file a reply.

**I. Background.**

In April 2000, Plaintiff purchased a Model YZ 250 Yamaha motorcycle from Defendant Desert Only Yamaha, LLC ("Desert Yamaha"). In 2001, Plaintiff received a "recall" notice advising

that the motorcycle's throttle could stick which, in turn, could cause the rider to lose control of the motorcycle.  Upon receiving the recall notice, Plaintiff attempted to contact Desert Yamaha but discovered that this dealership was no longer in business.  In fact, Desert Yamaha dissolved on December 20, 2000.  Plaintiff later visited several other Yamaha dealerships in an attempt to replace the defective part but was unsuccessful.  On November 23, 2003, Plaintiff, while operating his Yamaha YZ250 motorcycle, experienced the throttle sticking, which ultimately caused him to be thrown from the motorcycle.  Due to this accident, Plaintiff alleges to have suffered serious and disabling injuries.

On December 5, 2005, Plaintiff filed his First Amended Complaint against Defendants.  The claims lodged against Defendant BJ Motorsports, LLC are derivative of those filed against Defendant Desert Yamaha.  On January 9, 2006, BJ Motorsports moved for dismissal or, in the alternative, summary judgment arguing that it only purchased the assets of Desert Yamaha and not its liabilities.  Plaintiff did not file a memorandum of points and authorities in opposition.  On February 17, 2006, the state court granted BJ Motorsports' motion and dismissed the claims against it.  BJ Motorsports, however, did not serve the other parties with copies of either its motion to dismiss or the subsequent order of dismissal.  The Yamaha Defendants became aware of BJ Motorsports' dismissal on April 19, 2006, only after their counsel called BJ Motorsports' counsel to discuss the case.  The Yamaha Defendants initially attempted to file their notice of removal on May 5, 2006.  The Clerk of the Court, however, advised Defendants' counsel to re-file the notice of removal and attach the civil cover sheet as an attachment instead of as a separate entry.  Defendants re-filed the notice of removal on May 8, 2006.  Plaintiff filed the instant motion to remand on June 6, 2006.  Plaintiff argues that remand is required because:  (1) the Yamaha Defendants failed to file their notice of removal within the thirty-day time period of § 1446(b); (2) the parties are not completely diverse; and (3) BJ Motorsports' dismissal did not permit the remaining non-resident defendants to remove the case to federal court.

## II. Analysis.

Before addressing Plaintiff's arguments, the Court must determine whether Plaintiff's motion to remand is timely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). If a party alleges a defect other than one for lack of subject matter jurisdiction, the defect must be raised within thirty days after the filing of the removal petition or it is waived. See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). Plaintiff's motion for remand, which is based in part on the Yamaha Defendants' alleged failure to file a petition of removal within the time period of § 1446(b), alleges a non-subject-matter-jurisdiction defect and thus must be made within thirty days after the filing of the removal petition.

By Plaintiff filing his motion to remand on June 6, 2006, the Yamaha Defendants argue that the motion is untimely. The Yamaha Defendants base this argument by using the date they initially attempted to file their notice of removal – May 5, 2006. If the Court were to use this date, Plaintiff's motion to remand would have been filed two days too late. Due to the Yamaha Defendants' electronic filing error, however, the notice was not officially filed until May 8, 2006. Prudence and fairness dictates that the May 8, 2006 be the starting date for the thirty-day time period of § 1447(c). This is the date the notice of removal is listed as filed in the electronic docket. This is also the date Plaintiff presumably used in calculating the thirty-day period of § 1447(c). Moreover, it is the Defendants' failure to properly file their notice of removal electronically and then to promptly refile it once the error was brought to their counsel's attention that resulted in the later filing date. Accordingly, Plaintiff's motion to remand is timely filed. The Court will now address the merits of Plaintiff's motion to remand.

In his motion, Plaintiff first argues that the Yamaha Defendants failed to remove this action timely. "After a defendant learns that an action is removable, he has thirty days to remove the case to federal court." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28

1 U.S.C. § 1446(b)).  The thirty-day period only starts to run when the defendant receives the initial
2 pleading if that pleading affirmatively reveals on its face the facts necessary for federal court
3 jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005).
4 Otherwise, the thirty-day period does not begin until a defendant receives "a copy of an amended
5 pleading, motion, order or other paper" from which he can determine that the case is removable.  28
6 U.S.C. § 1446(b).  Here, the only evidence concerning the Yamaha Defendants' notice that the action
7 was removable is counsel's affidavit stating that he became aware of BJ Motorsports' dismissal on
8 April 19, 2006.  There is neither a certificate nor notice of service to counter this affidavit.  Even
9 considering May 8, 2006 as the date the notice of removal was filed, the Yamaha Defendants clearly
10 filed the notice within the thirty-day period of § 1446(b).

11 Plaintiff next asserts that the parties are still not completely diverse.  Plaintiff argues that even
12 though Defendant Desert Yamaha is a dissolved corporation, it still exists for purposes of prosecuting
13 and defending suits.  In Nevada, corporations exist for two years after the date of dissolution for the
14 purpose of defending lawsuits.  Section 78.585 of the Nevada Revised Statutes states: "The
15 dissolution of a corporation does not impair any remedy or cause of action available to or against it or
16 its directors, officers or shareholders arising before its dissolution and commenced within 2 years
17 after the date of the dissolution."  Desert Yamaha was dissolved in December 2000.  Pursuant to
18 Section 78.585, Desert Yamaha continued to exist as a "body corporate" only until December 2002.
19 Plaintiff filed his lawsuit in November 2005, nearly five years after Desert Yamaha dissolved and
20 nearly three years after it could no longer defend actions brought against it.  Accordingly, Desert
21 Yamaha did not exist when Plaintiff filed his complaint and thus is not a legitimate defendant for
22 determining whether complete diversity exists.

23 Lastly, Plaintiff argues that this case is not removable due to the voluntary-involuntary rule.
24 The core principle of diversity removal jurisdiction is that complete diversity must exist both at the
25 time of removal and at the time the complaint was filed in state court.  See Strotek Corp. v. Air
26 Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  Typically, federal courts look only to a

plaintiff's pleadings to determine removability based on diversity. See Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986) (citing Self v. Gen. Motors Corp., 588 F.2d 655, 657 (9th Cir. 1978)). When an event occurring after the filing of a complaint gives rise for the first time to federal removal jurisdiction based on diversity, the ability of a defendant to remove is not automatic; instead, removability is governed by the voluntary-involuntary rule. See People of the State of Cal. v. Keating, 986 F.2d 346, 348 (9th Cir. 1993).[1]

The voluntary-involuntary rule provides that a suit which, at the time of filing in state court, could not have been brought in federal court, must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable. See Self, 588 F.2d at 657. Under the voluntary-involuntary rule, removability is not dependent on what the defendant may allege or prove or what the court may order but rather on the voluntary actions of the plaintiff. See Keating, 986 F.2d at 348 (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282 (1918)), see also Merritt v. Mazda Motor of Am., Inc., 103 F. Supp. 2d 1305, 1309 (M.D. Ala. 2000) ("[I]f a resident defendant is dismissed from a case by the voluntary act of the plaintiff, the case becomes removable, but if the dismissal is the result of either the defendant's or court's action, the case could not be removed."); Gandy v. Crompton, 55 F. Supp. 2d 593, 596 (S.D. Miss. 1999) ("If the plaintiff initiates the dismissal, it is 'voluntary'; if the defendant or the court initiates the dismissal, it is 'involuntary'.") The main purpose behind the voluntary-involuntary rule is the general principle of deference to the plaintiff's choice of forum. See Self, 588 F.2d at 659 (quoting Great N. Ry., 246 U.S. at 282).[2]

---

[1] The voluntary-involuntary rule is a judicially created rule stemming from several Supreme Court cases decided near the beginning of the twentieth century. See Self, 588 F.2d at 657 (discussing and citing Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92 (1898), Whitcomb v. Smithson, 175 U.S. 635 (1900), and Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co., 215 U.S. 246 (1909)).

[2] In Great Northern Railway Co., the Supreme Court stated "The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the

Here, the voluntary-involuntary rule precludes removal based on diversity jurisdiction. At the time the complaint was filed, BJ Motorsports, a Nevada company, was a named Defendant.[3] In January 2006, BJ Motorsports filed a motion to dismiss or, in the alternative, motion for summary judgment. On February 17, 2006, the state court filed an order granting the motion and dismissing the claims against BJ Motorsports. Under the voluntary-involuntary rule, BJ Motorsports' dismissal was involuntary as it resulted from Defendant BJ Motorsports filing a motion and the Court granting it.

The Yamaha Defendants argue, however, that Plaintiff's failure to file an opposition to BJ Motorsports' motion constitutes a voluntary dismissal. The Defendants state that under the local rules of both the Nevada Eighth Judicial District Court and the District Court for the District of Nevada, Plaintiff's failure to oppose BJ Motorsports' motion constitutes consent to its granting. Thus, argues the Yamaha Defendants, Plaintiff voluntarily dismissed Defendant BJ Motorsports thereby allowing removal under the voluntary-involuntary rule.[4] Without delving into a

---

defendant may allege or prove or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion." 246 U.S. at 282.

Additionally, some courts have stated that another purpose beyond this rule is that it promotes judicial economy by preventing removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts. See Weems v. Louis Dreyfus Corp., 380 F.2d 545, 546 (5th Cir. 1967); see also Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 40 n.2 (2d Cir. 1980). The Ninth Circuit, however, does not subscribe to the reasoning that appealability/finality is the primary (or even a) purpose beyond the voluntary-involuntary rule. See Self, 588 F.2d at 658; see also, Jenkins v. Nat. Union Fire Ins. Co. of Pa., 650 F. Supp. 609, 614 (N.D. Ga. 1986) ("What emerges from an examination of the Supreme Court cases on the voluntary-involuntary rule is the conclusion that the rule is not based upon an appealability/finality rationale but upon a policy of favoring the plaintiff's 'power to determine the removability of his case.'").

[3]At no time have the Yamaha Defendants alleged that Defendant BJ Motorsports was fraudulently joined. See Insinga v. LaBella, 845 F.2d 249, 254 (11th Cir. 1988) ("Fraudulent joinder is a well established exception to the voluntary-involuntary rule.").

[4]Without saying so in their brief, the Yamaha Defendants appear to be arguing that Plaintiff's failure to oppose the motion to dismiss was either the "functional equivalent" of a voluntary dismissal or an "abandonment" of his claims against the resident defendant. See Quinn, 616 F.2d at 40 n.2 (finding that plaintiff's failure to appeal the dismissal of the resident defendant constituted the functional equivalent of a voluntary dismissal); Foster v. A.H. Robins Co., 61 F. Supp. 2d 1121, 1123 (D. Haw. 1999) ("It is well-settled that if the plaintiff voluntarily dismisses, discontinues, or in

philosophical debate on whether a failure to act constitutes an act, the Yamaha Defendants' argument lacks procedural and substantive merit.

First, the state court did not state in its February 17, 2006 order that dismissal was based on Plaintiff's failure to file an opposition. As the removing parties, the Yamaha Defendants have the burden of establishing diversity removal jurisdiction. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). If, as the Defendants allege, the Court's dismissal was predicated on Plaintiff's failure to file an opposition, it was their responsibility to produce such evidence. They did not.

Second, the courts have routinely rejected the argument that a failure to do something constitutes a voluntary action under the voluntary-involuntary rule. See Gandy, 55 F. Supp. 2d at 596-97 (finding that plaintiff's failure to serve the resident defendants is not an abandonment of his claim against them because it was not a "voluntary act" that "clearly and definitively expressed a desire to discontinue the action" against them); Cook v. Pep Boys-Mannie, Moe & Jack, Inc., 641 F. Supp. 43, 45-46 (E.D. Pa. 1985) (finding the plaintiff's failure to oppose the resident defendant's motion for judgment on the pleadings did not constitute a voluntary act under the voluntary-involuntary rule). Rather, the courts require an affirmative act on the part of the plaintiff to satisfy the voluntary-involuntary rule. See S. Pac. Co. v. Haught, 126 F.2d 900, 903-04 (9th Cir. 1942) (finding that by informing the court that she was ready to proceed to trial despite not having served the resident defendants, plaintiff had affirmatively abandoned the claim against the two resident defendants thereby rendering the case against the non-resident defendant immediately removable); Gandy, 55 F. Supp. 2d at 597 ("In the case sub judice, . . . plaintiff took no affirmative act to dismiss

---

any way abandons, the action as to the resident defendant, the cause then becomes removable, and may, upon prompt action, be removed by the nonresident defendants who have been served.").

It is doubtful that the functional equivalent test is viable in the Ninth Circuit as its underlying assumptions conflict with Self. See Strasser v. KLM Royal Dutch Airlines, 631 F. Supp. 1254, 1258 (S.D. Cal. 1986). In Quinn, the Second Circuit assumed that the underlying reason for the voluntary-involuntary rule was to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal, producing a renewed lack of complete diversity. See Quinn, 616 F.2d at 40 n.2. In contrast, the Ninth Circuit panel in Self rejected the finality of state court proceedings as the basis for the voluntary-involuntary rule. See Self, 588 F.2d at 658.

his suit against the nondiverse defendants.") (emphasis added).   Here, Plaintiff did not affirmatively act with regard to Defendant BJ Motorsports such that the Court can find that he abandoned his claim against this Defendant.  Plaintiff's failure to file an opposition to Defendant BJ Motorsports' motion to dismiss is not an affirmative act necessary to overcome the voluntary-involuntary rule's bar to removal.

### III.  Conclusion.

The Yamaha Defendants timely removed this action when they filed their petition of removal on May 8, 20006.  Correspondently, Plaintiff timely filed his motion for remand when he filed it on June 6, 2006.  Because Plaintiff filed his complaint almost five years after Desert Yamaha had been dissolved, Desert Yamaha was not a legitimate defendant for diversity purposes.  Finally, the Court cannot exercise removal diversity jurisdiction because Plaintiff did not voluntarily dismiss BJ Motorsports nor affirmatively abandon his claims against this Defendant.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#7) is **GRANTED**.

DATED this 14th day of September 2006.

_____
Kent J. Dawson
United States District Judge